CLD-045                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2738
_____

UNITED STATES OF AMERICA

v.

ANTHONY PRYOR, also known as ANT,
                                                                Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:14-cr-00270-007)
District Judge:  Honorable Reggie B. Walton (sitting by designation)

_____

Submitted for Possible Dismissal as Untimely
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2022
Before: GREENAWAY, Jr., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed:  February 7, 2023)
_____

OPINION*
_____

PER CURIAM

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Anthony Pryor, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2017, Pryor was convicted of one count of conspiracy to possess with intent to distribute 100 grams or more of heroin. Pryor was designated a career offender, and he faced a sentencing guideline range of 262 to 327 months under U.S.S.G. § 4B1.1. He was ultimately sentenced to 140 months' incarceration. We affirmed Pryor's judgment of conviction and sentence on direct appeal. See United States v. Pryor, 771 F. App'x 508 (3d Cir. 2019).

Pryor later filed a motion for compassionate release, which he amended with the assistance of counsel. He argued that extraordinary and compelling reasons justify his release because his obesity, pre-diabetes, and African American race place him at a higher risk of becoming seriously ill from COVID-19 when combined with prison conditions and the state of the pandemic. He further asserted that, in light of our decision in United States v. Nasir, 17 F.4th 459, 472 (3d Cir. 2021) (en banc) (holding that inchoate offenses are not included in the definition of "controlled substance offenses"), he would not qualify as a career offender and his applicable guideline range would be 100 to 125 months if he were sentenced today. Moreover, Pryor argued that the

2

sentencing factors of 18 U.S.C. § 3553(a) weigh in favor of his release because, inter alia, his offense was non-violent and he played a minor role in the conspiracy at issue.

In an oral ruling issued at the conclusion of a hearing, the District Court denied Pryor's motion, reasoning that his refusal of the COVID-19 vaccine undercuts his argument that release is necessary to protect his health, and that the § 3553(a) factors weigh against release. The District Court subsequently entered its written order denying Pryor's motion, and Pryor appealed. The Government initially requested that we dismiss the appeal as untimely but now asks that we summarily affirm the District Court's judgment.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks, alteration, and citation omitted). We may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

3

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  See § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Upon review, we discern no abuse of discretion in the District Court's decision. Although Pryor's obesity may place him at a higher risk of serious illness from COVID-19, the District Court reasonably concluded that Pryor's refusal of the vaccine undermines his claim that extraordinary and compelling reasons justify release.  See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release").  In a document attached to his response to the Government's motion for summary action, Pryor relies on his argument that he would not be sentenced as a career offender if sentenced today in light of this Court's decision in Nasir.  Even assuming that is correct, however, Nasir does not provide Pryor with an extraordinary and compelling reason for

4

release.  Cf. United States v. Andrews, 12 F.4th 255, 260-61 (3d Cir. 2021) (holding that neither the length of a lawfully imposed sentence nor non-retroactive changes in statutory sentencing law establish extraordinary and compelling circumstances for release).

Although the District Court could have considered the current sentencing landscape in assessing the § 3553(a) factors, id. at 262, we cannot conclude that it committed a clear error in judgment in concluding that those factors counsel against release.  The District Court noted, for example, that Pryor has 14 prior convictions and that he played a significant, even if not leading, role in the conspiracy at issue.  Thus, the District Court concluded that Pryor is likely to commit further crimes if granted release, and that he accordingly failed to demonstrate that relief is warranted.  The District Court did not abuse its discretion in reaching this conclusion.[1]

Accordingly, we will affirm the District Court's judgment.

---

[1] Further, as we noted in deciding Pryor's direct appeal, the District Court "carefully considered the section 3553(a) factors, and made a significant downward departure from the minimum guideline range" in sentencing Pryor to a 140-month term of imprisonment. Pryor, 771 F. App'x at 511.